IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| HENRY FINCH o/b/o<br>  TERRI EDWARDS FINCH          )<br>    Plaintiff,                               )<br>                                    )<br>v.                                     )<br>                                   )<br>                                   )<br>MICHAEL J. ASTRUE,           )<br>Commissioner of Social Security,    )<br>                                   )<br>   Defendant.                          ) | Civil Action No. TMD 08-2706 |

MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Henry Finch, o/b/o Terri Edwards Finch ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title II and Title XVI and of the Social Security Act, 42 U.S.C.§§ 401-433, 1381-83(c).  Before the Court are Plaintiff's Motion for Summary Judgment (or Remand) (Pl.'s Mot. Summ., ECF No. 18) and Defendant's Motion for Summary Judgment. (Def.'s Mot. Summ., ECF No. 39).  No hearing is deemed necessary.  Local Rule 105.6 (D. Md.).  For the reasons presented below, Defendant's Motion for Summary Judgment is GRANTED.

I. Procedural History

Plaintiff protectively filed her applications for DIB and SSI on January 12, 2000 alleging disability since June 1, 1999 on the basis of mental illness, anxiety, memory loss and impaired vision.  R. at 12, 46-48, 51-52, 168C-E.  Her claims were denied initially and on reconsideration.

R. at 27-29, 30, 32-33, 168F-J.  On January 14, 2004, a hearing was held before an administrative law judge ("ALJ") and by decision January 29, 2004, the ALJ denied Plaintiff's request for benefits.  R. at 9-24.  The Appeals Council denied Plaintiff's request for review on February 3, 2006.  R. at 5-7.

Thereafter, Claimant appealed to this Court which by Memorandum Opinion and Order dated October 22, 2007, remanded the final decision of the Commissioner and remanded the case for further proceedings.  R. at 229-35.  The Appeals Council issued its remand order on November 11, 2007.  R. at 236-38.

A supplemental hearing was held on January 8, 2008 but Claimant did not appear.  The ALJ took testimony from a vocational expert ("VE").  R. at 295-304.  A second supplemental hearing was held on March 7, 2008 at which time Claimant testified.  She was represented by counsel.  R. at 266-92.  Claimant passed away during the last week of March, 2008.  By decision dated April 24, 2008, the ALJ found Claimant was disabled as of January 1, 2006 but not before.[1]  R. at 207-19.

## II.  ALJ's Decision

The ALJ evaluated Plaintiff's claims for DIB and SSI used the sequential processes set forth in 20 C.F.R. § 404.1520 and  § 416.920.  At the first step, the ALJ determined that Claimant had not engaged in substantial gainful activity since her alleged onset date.  At step two, the ALJ determined that Claimant suffered from the following severe impairments: bipolar

---

[1] As the Claimant's date last insured was September 30, 2004, the decision acted as a denial of her DIB claim.

2

disorder.  At step three, the ALJ found that during the disputed period, her impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1.  The ALJ concluded at step four that prior to January 1, 2006  given her Residual Functional Capacity ("RFC"), Plaintiff was capable of performing her past relevant work.  Alternatively, he found that given her RFC, she was capable of performing jobs that existed in significant numbers in the national economy.  R. at 207-15.

With respect to the time period subsequent to January 1, 2006, the ALJ found that Claimant had an impairment or combination of impairments that meets or medically equals one of the listed impairments and therefore, was disabled.  Alternatively he found that Claimant could not perform her past relevant work and that she was not capable of performing jobs that existed in significant numbers in the national economy.  R. at 217-18.

Accordingly, the ALJ concluded that Claimant was disabled as of January 1, 2006 but not before.

### III.  Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. §  405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).   Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  It is more than a scintilla, but less than a preponderance, of the evidence

presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id*.

## IV. Discussion

Plaintiff argues that the ALJ erred by (1) failing to follow this Court's remand Order; (2) denying Claimant due process by taking the testimony of the VE outside of her presence; (3) erroneously assessing her RFC; (4) erroneously determining she could perform her past relevant work; and (5) failing to call a medical advisor as a witness.

A.   Remand Order

On October 22, 2007, this Court remanded this matter because the Court found that the ALJ failed to develop the record. The Plaintiff, at the time, was unrepresented and had named additional sources of medical information. Despite the ALJ's indication that he would obtain those records, there was no indication that he did so. Plaintiff now argues that the ALJ failed to follow the instructions of this Court and failed in his duty to develop the record. The Court disagrees.

At the outset, while Plaintiff was not represented at the first supplemental hearing on January 8, 2008, she was represented at the second supplemental hearing on March 7, 2008. Her representation has continued through the date of this appeal. The ALJ was certainly aware

of the dictates of this Court in the remand order. At the first supplemental hearing, he specifically indicated that he believed an attorney could assist in obtaining the records indicated on remand. R. at 295. The ALJ acknowledged, however, that Mr. Shea did not represent Plaintiff at that time but nonetheless indicated he was hopeful the additional information could be obtained. R. at 296.

At the second supplemental hearing on March 7, 2008, there was again a specific discussion regarding the additional documentation to be obtained. As mentioned above, Mr. Shea represented Plaintiff at that time. The ALJ indicated that the record would be kept open an additional ten days to obtain documentation from the treating psychiatrist. R. at 269, 282-83. (Apparently, it was kept open through the date of the hearing decision.) Nonetheless, no evidence was submitted. Counsel cannot now claim that the ALJ failed in his duty to develop the record where he admits that Plaintiff failed to provide any indication of the identity of any additional medical provider, failed to provide any authorizations which would have allowed him to obtain records and failed to respond to his attempts to contact her. Pl.'s Mot. Summ., at 5 n.6 & Ex. A. If Counsel could not obtain the evidence, then the ALJ would fare far worse without the identification of the specific medical providers. The Court is mindful that counsel was indeed attempting to gather such information and now alludes to a 82 page Claims History Report (not the underlying medical evidence) provided to him by Claimant's husband. Pl.'s Mot. Summ., at 7 n.7. That does not change the outcome. Counsel did not submit additional evidence to the Appeals Council which might indicate a different outcome than that reached by the ALJ. R. at 264.

B.   Due Process

Plaintiff next argues that her due process rights were violated because she was denied the opportunity to cross examine the vocational expert at the first supplemental hearing. As noted above, the ALJ found that with respect to the period prior to January 1, 2006, Claimant was capable of performing her past relevant work. As discussed below, the Court finds no error in this finding and therefore, any assertions of error with respect to the testimony of the VE for purposes of step five of the sequential evaluation are moot.[2]

C.   Medical Advisor

Plaintiff argues that the ALJ should have called a medical advisor to determine when her bipolar condition became disabling. A medical advisor should only be called when onset must be inferred, *See Bailey v. Chater,* 68 F.3d 75, 79 (4th Cir. 1995). Here, the ALJ determined that Claimant's disabling condition began on January 1, 2006. He based his decision on the medical evidence that was available to him. Significantly, the medical evidence in this case effectively ends in 2002; and accordingly, there is nothing to suggest that Claimant was disabled prior to January 1, 2006. Indeed, the ALJ based her onset date on Claimant's testimony "granting her the maximum benefit of doubt considering the lack of medical evidence and giving credibility to the claimant's statements . ." R. at 208, 213. This is not a case where a medical advisor needed to be called.

D.   RFC and Past Relevant Work

---

[2] The ALJ proceeded to step five only in the event it might be concluded on appeal that Claimant could not perform her past relevant work. R. at 214.

6

Plaintiff argues that the ALJ failed to set forth a narrative discussion setting forth how the evidence supports each finding within the RFC, failed to discuss the Plaintiff's ability to perform work-sustained activities in an ordinary work setting on a regular and continuing basis and failed to discuss the maximum amount of each work-related activity she was capable of performing. Plaintiff fails to set forth *any* specific argument and points to no medical evidence that would change the RFC. The ALJ found that Plaintiff was capable of medium work as of January 1, 2006 with certain other restrictions. As Plaintiff concedes, there is very little medical evidence in the record and the ALJ based the January 1, 2006 date on Claimant's own testimony that she ceased abusing drugs as of that date. R. at 213. Accordingly, the Court agrees with the Commissioner that this does not warrant a basis for either remand or reversal.

Plaintiff also argues that the ALJ erred when he found her capable of performing her past relevant work as a cleaning worker and food service worker. She argues that the ALJ did not compare her RFC to the physical and mental demands of her past-relevant work or as generally required in the national economy. Plaintiff does not state with any specificity; however, the actual requirements of her past jobs as she performed them or as generally performed in the economy. Even without regard to the VE testimony at the first supplemental hearing, there is sufficient evidence in the record upon which to find that Claimant was indeed capable of performing her past relevant work. At the January 14, 2004 hearing in this matter, the VE specifically testified as to the requirements of Claimant's past jobs. R. at 172-74. The Claimant also provided detailed testimony as to her past jobs, R. at 182-86, after which the VE specifically changed his assessment based on that testimony. R. at 186-88. The Court has

reviewed that testimony and finds that the ALJ's ultimate finding that Claimant could perform her past relevant work is supported by substantial evidence.

V. Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED. A separate order shall issue.


Date: March 5, 2011                                   _____/s/_____
                                                      THOMAS M. DIGIROLAMO
                                                      United States Magistrate Judge


Copies to:
Stephen Shea
801 Roeder Rd., Suite 550
Silver Spring, MD 20910

Allen F. Loucks
Assistant United States Attorney
United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692